# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VALENTIN BACA, II,

    Plaintiff,

vs.                                                                     CIV. No. 98-756 JC/DJS

BURLINGTON NORTHERN and
SANTA FE RAILROAD COMPANY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Lack of Prosecution, filed December 31, 2001 (*Doc. 11*). Having reviewed the motion, the memoranda, and the relevant authorities, the Court finds Defendant's motion not well taken, and it is, therefore, denied.

Plaintiff, Valentin Baca, II, worked as a machinist for Defendant, Burlington Northern and Santa Fe Railway Company ("BNSF"), from August 1963 until October 14, 1996 when Dr. Daniel G. Nelson placed him on disability status due to problems with his right knee. Plaintiff first consulted Dr. Nelson about his knee in June 1995 and then had arthroscopic surgery on June 30, 1995. Plaintiff resumed work in August 1995. A year later Plaintiff returned to the doctor complaining of continued knee pain. At that time, Dr. Nelson stated that Plaintiff had full range of motion on both knees and there was no point of tenderness anywhere. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss for Lack of Prosecution (Pl's Response), filed January 24, 2002 (*Doc. 13*), Exhibit B. Plaintiff went on disability four months later.

Plaintiff filed this suit on June 23, 1998, pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et. seq.* Plaintiff claims that due to inadequate working conditions during his employment with Defendant BNSF he now suffers from continuing knee problems. Although Plaintiff filed his complaint over three years ago, Plaintiff failed to pursue his action until the Court filed a notice to show cause why the case should not be dismissed. *See* Notice, filed November 29, 2001 (*Doc. 5*). In response to the notice, Plaintiff filed a response in which he stated that "Plaintiff's Counsel, relying on past experiences in matters before this Court, awaited the notification by the Court of an Initial Pre-Trial Conference before completing the Initial Pre-Trial Report as required by Local Rule 16.1." *See* Plaintiff's Response to Notice to Show Cause, filed December 14, 2001, 1 (*Doc. 6*). Defendant subsequently filed the present motion to dismiss due to lack of prosecution.

Under FED. R. CIV. P. 41(b), a plaintiff's case may be dismissed involuntarily if he "fail[s] to prosecute or to comply with these rules or any order of the court." Dismissing a case with prejudice, though, "defeats altogether a litigant's right to access to the courts," and thus must only be used as a weapon of last resort. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Therefore, although Plaintiff's counsel admitted in Plaintiff's response that they essentially had forgotten about the case ("The file's inactivity was discovered when Plaintiff's counsel moved their offices in October of 2001."), the fact that the Court did not set an Initial Scheduling/Status Conference is sufficient cause shown by Plaintiff to deny Defendant's motion to dismiss. The Court notes, however, that the parties could have agreed to begin discovery prior to the court's entry of an Initial Scheduling Order.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution, filed December 31, 2001 (*Doc. 11*), is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Joseph Cappelli, Esq.
    Conshohocken, Pennsylvania

    Caterina Krewtz, Esq.
    Albuquerque, New Mexico

Attorney for Defendant:

    Earl E. DeBrine, Jr. Esq.
    Modrall, Sperling, Roehl, Harris & Sisk, P.A.
    Albuquerque, New Mexico